John B. Sganga, Jr. (SBN 116211)
john.sganga@knobbe.com
Nicholas M. Zovko (SBN 238248)
nicholas.zovko@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant INOGEN, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEPARATION DESIGN GROUP IP HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INOGEN, INC., a Delaware corporation<br><br>Defendant. | Case No. 2:15-cv-08323-JAK-(JPRx)<br><br>**INOGEN, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. John A. Kronstadt |

Defendant Inogen, Inc. ("Inogen") hereby responds to and answers the Amended Complaint of Plaintiff Separation Design Group IP Holdings, LLC ("SDGIP" or "Plaintiff") as follows:

## THE PARTIES

1. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Amended Complaint, and on that basis denies those allegations.

2. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Amended Complaint, and on that basis denies those allegations.

3. Inogen admits that it is a Delaware corporation with its corporate headquarters located at 326 Bollay Drive, Goleta, CA 93117. Except as so admitted, Inogen denies the allegations of Paragraph 3 of the Amended Complaint.

4. Inogen admits that it designs and develops portable oxygen concentrators, and that it markets products in the United States and internationally. Except as so admitted, Inogen denies the allegations of Paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5. Inogen admits that SDGIP's Amended Complaint purports to allege claims of patent infringement, misappropriation of trade secrets, and breach of contract. Except as so admitted, Inogen denies the allegations of Paragraph 5 of the Amended Complaint.

6. Inogen admits that the Court has subject matter jurisdiction over patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and that SDGIP purports to invoke supplemental jurisdiction over non-patent claims. Except as so admitted, Inogen denies the allegations of Paragraph 6 of the Amended Complaint.

7. Inogen admits that its principal place of business is in this Judicial District, and that it transacts business in this District. For the purpose of this action, Inogen does not presently dispute personal jurisdiction. Except as so admitted, Inogen denies the allegations of Paragraph 7 of the Amended Complaint.

8. Inogen admits that its principal place of business is in this Judicial District, and that it transacts business in this District. Except as so admitted, Inogen denies the allegations of Paragraph 8 of the Amended Complaint.

9. Inogen admits that paragraph 9 of the "Mutual Nondisclosure Agreement" states as follows: "The federal and state courts within the State of California shall have exclusive jurisdiction to adjudicate any dispute arising out of this agreement." Except as so admitted, Inogen denies the allegations of Paragraph 9 of the Amended Complaint.

## BACKGROUND FACTS

10. Inogen denies the allegations of Paragraph 10 of the Amended Complaint.

11. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Amended Complaint, and on that basis denies those allegations.

12. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Amended Complaint, and on that basis denies those allegations.

13. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Amended Complaint, and on that basis denies those allegations.

14. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Amended Complaint, and on that basis denies those allegations.

15. Inogen admits that Separation Design Group LLC ("SDG") contacted Inogen in August 2010. Except as so admitted, Inogen denies the allegations of Paragraph 15 of the Amended Complaint.

16. Inogen admits that Inogen and SDG executed a non-disclosure agreement dated September 21, 2010, and that a copy of that agreement appears to be attached to the Amended Complaint as Exhibit A. Except as so admitted, Inogen denies the allegations of Paragraph 16 of the Amended Complaint.

17. Inogen admits that representatives of SDG and Inogen met on or about September 30, 2010 in Waynesburg, Pennsylvania. Inogen admits that Brenton Taylor, Peter Hansen, and Scott Wilkinson attended that meeting. Except as so admitted, Inogen denies the allegations of Paragraph 17 of the Amended Complaint.

18. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Amended Complaint, and on that basis denies those allegations.

19. Inogen admits that SDG and Inogen communicated in or around October 2010. Except as so admitted, Inogen denies the allegations of Paragraph 19 of the Amended Complaint.

20. Inogen denies the allegations of Paragraph 20 of the Amended Complaint.

21. Inogen admits that U.S. Patent Application No. 13/066,716 was filed with the United States Patent and Trademark Office on or about April 22, 2011, and was published on or about October 25, 2012 as U.S. Patent Application Publication No. 2012/0266883. Inogen admits that Brenton Taylor and Peter Hansen are named as inventors on U.S. Patent Application Publication No. 2012/0266883. Inogen admits that Mr. Taylor and Mr. Hansen met with representatives of SDG on or about September 30, 2010. Inogen admits that a copy of U.S. Patent Application Publication No. 2012/0266883 appears to be

attached to the Amended Complaint as Exhibit B.  Except as so admitted, Inogen denies the allegations of Paragraph 21 of the Amended Complaint.

22. Inogen denies the allegations of Paragraph 22 of the Amended Complaint.

23. Inogen denies the allegations of Paragraph 23 of the Amended Complaint.

24. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Amended Complaint, and on that basis denies those allegations.

25. Inogen admits that a copy of U.S. Patent No. 8,894,751 ("the '751 patent") appears to be attached to the Amended Complaint as Exhibit C.  Except as so admitted, Inogen denies the allegations of Paragraph 25 of the Amended Complaint.

26. Inogen admits that a copy of U.S. Patent No. 9,199,055 ("the '055 patent") appears to be attached to the Amended Complaint as Exhibit D.  Except as so admitted, Inogen denies the allegations of Paragraph 26 of the Amended Complaint.

27. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Amended Complaint, and on that basis denies those allegations.

28. Inogen denies the allegations of Paragraph 28 of the Amended Complaint.

29. Inogen admits that it assembles the Inogen One G3 in the United States, and that it markets the Inogen One G3 in the United States and internationally.  Except as so admitted, Inogen denies the allegations of Paragraph 29 of the Amended Complaint.

30. Inogen admits the allegations of Paragraph 30 of the Amended Complaint.

31. Inogen admits the allegations of Paragraph 31 of the Amended Complaint.

32. Inogen admits that it has not sought a license from Plaintiff, nor does Inogen have any obligation to obtain a license from Plaintiff for Inogen to market, manufacture, make, use, sell, offer to sell, provide, supply, distribute, lease and/or rent Inogen's products. Except as so admitted, Inogen denies the allegations of Paragraph 32 of the Amended Complaint.

33. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Amended Complaint, and on that basis denies those allegations.

34. Inogen denies the allegations of Paragraph 34 of the Amended Complaint.

## COUNT I

35. With reference to the allegations of Paragraph 35 of the Amended Complaint, Inogen incorporates by reference its response above to Paragraphs 1-34 of the Amended Complaint as though fully set forth herein.

36. Inogen denies the allegations of Paragraph 36 of the Amended Complaint.

37. Inogen denies the allegations of Paragraph 37 of the Amended Complaint.

38. Inogen denies the allegations of Paragraph 38 of the Amended Complaint.

39. Inogen denies the allegations of Paragraph 39 of the Amended Complaint.

40. Inogen denies the allegations of Paragraph 40 of the Amended Complaint.

41. Inogen denies the allegations of Paragraph 41 of the Amended Complaint.

42. Inogen denies the allegations of Paragraph 42 of the Amended Complaint.

43. Inogen denies the allegations of Paragraph 43 of the Amended Complaint.

## COUNT II

44. With reference to the allegations of Paragraph 44 of the Amended Complaint, Inogen incorporates by reference its response above to Paragraphs 1-43 of the Amended Complaint as though fully set forth herein.

45. Inogen denies the allegations of Paragraph 45 of the Amended Complaint.

46. Inogen denies the allegations of Paragraph 46 of the Amended Complaint.

47. Inogen denies the allegations of Paragraph 47 of the Amended Complaint.

48. Inogen denies the allegations of Paragraph 48 of the Amended Complaint.

49. Inogen denies the allegations of Paragraph 49 of the Amended Complaint.

50. Inogen denies the allegations of Paragraph 50 of the Amended Complaint.

51. Inogen denies the allegations of Paragraph 51 of the Amended Complaint.

52. Inogen denies the allegations of Paragraph 52 of the Amended Complaint.

## COUNT III

53. With reference to the allegations of Paragraph 53 of the Amended Complaint, Inogen incorporates by reference its response above to Paragraphs 1-52 of the Amended Complaint as though fully set forth herein.

54. Inogen denies the allegations of Paragraph 54 of the Amended Complaint.

55. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55 of the Amended Complaint, and on that basis denies those allegations.

56. Inogen denies the allegations of Paragraph 56 of the Amended Complaint.

57. Inogen denies the allegations of Paragraph 57 of the Amended Complaint.

58. Inogen denies the allegations of Paragraph 58 of the Amended Complaint.

59. Inogen denies the allegations of Paragraph 59 of the Amended Complaint.

60. Inogen denies the allegations of Paragraph 60 of the Amended Complaint.

61. Inogen denies the allegations of Paragraph 61 of the Amended Complaint.

62. Inogen denies the allegations of Paragraph 62 of the Amended Complaint.

63. Inogen denies the allegations of Paragraph 63 of the Amended Complaint.

64. Inogen denies the allegations of Paragraph 64 of the Amended Complaint.

65. Inogen denies the allegations of Paragraph 65 of the Amended Complaint.

## **COUNT IV**

66. With reference to the allegations of Paragraph 66 of the Amended Complaint, Inogen incorporates by reference its response above to

Paragraphs 1-65 of the Amended Complaint as though fully set forth herein.

67. Inogen admits that Inogen and SDG executed a non-disclosure agreement dated September 21, 2010, and that paragraph 7 of the agreement states as follows: "The foregoing commitments of either party in this Agreement shall survive any termination of discussions between the parties, and shall continue for a period of seven (7) years following the date of this Agreement." Except as so admitted, Inogen denies the allegations of Paragraph 67 of the Amended Complaint.

68. Inogen denies the allegations of Paragraph 68 of the Amended Complaint.

69. Inogen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 of the Amended Complaint, and on that basis denies those allegations.

70. Inogen denies the allegations of Paragraph 70 of the Amended Complaint.

71. Inogen denies the allegations of Paragraph 71 of the Amended Complaint.

72. Inogen denies the allegations of Paragraph 72 of the Amended Complaint.

73. Inogen denies the allegations of Paragraph 73 of the Amended Complaint.

74. Inogen denies the allegations of Paragraph 74 of the Amended Complaint.

75. Inogen denies the allegations of Paragraph 75 of the Amended Complaint.

76. Inogen denies the allegations of Paragraph 76 of the Amended Complaint.

///

77. Inogen denies the allegations of Paragraph 77 of the Amended Complaint.

78. Inogen denies the allegations of Paragraph 78 of the Amended Complaint.

79. Inogen denies the allegations of Paragraph 79 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Inogen, without admissions as to burden of proof, alleges the following affirmative defenses to the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

80. Each and every one of Plaintiff's claims for relief fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

81. Plaintiff lacks standing to assert the claims or to obtain the remedies sought in the Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

82. Plaintiff's claims for relief are barred, in whole or part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims for relief are barred in this Court, in whole or part, because Inogen's products are being sold to the United States Government (*see, e.g.*, 28 U.S.C. § 1491).

## FIFTH AFFIRMATIVE DEFENSE

84. As a result of prosecution of one or more patents or patent applications, Plaintiff is estopped from seeking a claim scope, either literally or under the doctrine of equivalents, that would encompass any of Inogen's products.

/ / /

## SIXTH AFFIRMATIVE DEFENSE

85. One or more claims of both the '751 patent and the '055 patent are invalid for failure to meet one or more of the requirements of patentability under United States Code Title 35, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred because information Plaintiff alleges was a trade secret was readily accessible by proper means.

## EIGHTH AFFIRMATIVE DEFENSE

87. Plaintiff, by its conduct, is equitably and legally estopped from raising each and every cause of action and claim stated in the Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

88. Each and every one of Plaintiff's claims is barred by the doctrines of laches, waiver, and/or acquiescence.

## TENTH AFFIRMATIVE DEFENSE

89. Each and every one of Plaintiff's claims is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff has failed to satisfy and fulfill all conditions precedent to the assertion of its claims.

## TWELFTH AFFIRMATIVE DEFENSE

91. At all material times, Plaintiff failed to mitigate its alleged damages.

Inogen reserves the right to amend its affirmative defenses further as additional information is developed through discovery or otherwise.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Inogen denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and prays for the following judgment and relief:

    A.    That Plaintiff take nothing from its Amended Complaint;

    B.    That all claims against Inogen be dismissed with prejudice, that all relief requested by Plaintiff be denied, and that judgment be entered in favor of Inogen and against Plaintiff;

    C.    For an order adjudging this to be an exceptional case within the meaning of 35 U.S.C. § 285;

    D.    For judgment against Plaintiff for Inogen's costs of suit, including Inogen's reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, Cal. Civil Code § 3426.4, and/or as otherwise permitted by law; and

    E.    For such other relief that the Court may deem just, equitable, and proper according to the circumstances of the case.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Inogen, Inc. hereby demands a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 22, 2016    By: */s/ Nicholas M. Zovko*
                                          John B. Sganga, Jr.
                                          Nicholas M. Zovko

                                Attorneys for Defendant INOGEN, INC.

22271668